Eastern Dis.
*March*, 1834.

P. BLAN-
CHARD'S
WIDOW ET ALS.
*vs.*
F. BLANCHARD
ET AL.
THE STATE,
INTERVENOR.

---

### P. BLANCHARD'S WIDOW ET ALS. *vs.* F. BLANCHARD ET AL.; THE STATE, INTERVENOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ASSUMPTION.

The administration of an estate creates no legal mortgage on the property of the administrator. He is entrusted with the administration on the credit of his sureties.

A sale of mortgaged property by the sheriff under execution, does not extinguish the legal mortgage; *a fortiori*, the levying of an attachment on it cannot.

P. BLAN-
CHARD'S
WIDOW ET ALS.
*vs.*
F. BLANCHARD
ET AL.
THE STATE,
INTERVENOR.

The district attorney for the second judicial district of this state, filed on the 4th April, 1833, a motion wherein he informed the court that certain property of the defendants, seized by the coroner on a writ of *fieri facias*, issued in this case, is the only property known, belonging to them. That the property so seized, is subject to a legal mortgage in favor of the state, for the amount of the collection bond for the state taxes, executed by one of the defendants in 1831, in his capacity as collector of said taxes, for the year 1830; that an execution has been issued by the state treasurer against said defendant and his securities, to enforce the payment of the sum of three thousand three hundred and eighty-three dollars and fifteen cents, for the taxes of 1830. That said execution is now in the hands of said coroner, who has levied on the same property attached and seized by him in this case, at the suit of the said widow and heirs of Pierre Blanchard, against the said defendant.

The plaintiffs were ruled to show cause why the coroner should not bring into court the proceeds of the property by him seized, after the sale thereof, and pay from said proceeds into the treasury the said amount of taxes, and the balance into the hands of the plaintiffs.

The plaintiffs' answer to the rule that the state ought not to be paid in preference to the claims of the plaintiffs. 1. Because there exists a legal mortgage in favor of the plaintiffs, on all the property of the defendant, as administrator of the estate of Pierre Blanchard, deceased, for the sum of thirty-two thousand five hundred dollars, since the 22d of September, 1827; that this mortgage, being of elder date, must be paid in preference to the state's mortgage. 2. That as the property was seized by the coroner, on the 14th of March, 1833, at the suit of the plaintiffs, there exists a lien on the same in preference to all other creditors.

The coroner testified that he knew of no other property

EASTERN DIS.
March, 1834

P. BLAN-
CHARD'S
WIDOW ET ALS.
vs.
F. BLANCHARD
ET AL.
THE STATE,
INTERVENOR.
belonging to the sheriff but that seized by him in the case of the plaintiffs against the defendant; that he holds in this case a writ of *fi. fa.*, and an execution against the defendant, issued by the state treasurer, to enforce the payment of the state taxes; that to satisfy the writ in both cases, he levied upon said property, and has advertised the same for sale, and shall hold the proceeds after said sale, as he may be directed by the court. The district attorney introduced as evidence, a certificate of mortgage, showing the recording of the bond of the sheriff and his securities, for the collection of the state taxes for 1830, and executed on the 21st of February, 1831.

The motion was overruled, with costs against the state, and the coroner ordered to pay to the plaintiffs the proceeds of the sale, to be made by him on the property seized.

The state appealed.

*Seghers* for intervenor and appellant, contended that:

1. The state cannot be decreed to pay costs. No money shall be drawn from the treasury, but in pursuance of appropriations made by law. *State Constitution, art.* 6. *Martin's Digest, vol.* 1, *p.* 112. The judgment of the inferior court ought, therefore, to be reversed.

2. According to the Louisiana Code, article 3280, no legal mortgage shall exist, except in the cases determined by said code. But a legal mortgage was afterwards granted to the state on the property of sheriffs and collectors of taxes, by *sec.* 10, *p.* 78, *of the acts of* 1830. No such mortgage exists on the property of an administrator of an estate, either by the Louisiana Code, or by any subsequent law. The judge *a quo*, therefore, erred in deciding the case in favor of the widow and heirs of Pierre Blanchard, inasmuch as an *ordinary* creditor cannot, by the mere act of seizure, acquire a preference over a *mortgage* creditor, whose mortgage is *anterior* to the seizure.

*Crozier*, for plaintiffs and appellees.

BULLARD, J., delivered the opinion of the court.

EASTERN DIS.
March, 1834.

P. BLAN-
CHARD'S
WIDOW ET ALS.
vs.
F. BLANCHARD
ET AL.
THE STATE,
INTERVENOR.

The plaintiffs having recovered a judgment in the Court of Probates, against F. Blanchard, on his bond as administrator of their ancestor, caused an execution to be levied on a plantation and slaves, and other property of the defendant, which had at the inception of the suit been attached, the defendant being represented as an absconding debtor. The administration bond was given in 1827.

After this *fieri facias* had been levied, an execution issued by the state treasurer, against the same defendant, as collector of state taxes for the year 1830, and against his sureties, came into the hands of the coroner, who levied on the same property. The defendant's bond, as collector, bears date in 1831, and is certified to be duly recorded in the office of the parish judge.

At this stage of the proceedings the district attorney, on the part of the state, obtained a rule on the plaintiffs, to show cause why the coroner should not bring into court the proceeds of the property seized, after he should have sold the same, and why they should not be distributed, as follows:

First, To the state the amount due for taxes with costs, and the balance, if any, to the plaintiffs, in satisfaction of their judgment.

This proceeding is based on an allegation, that the property seized is the only property of the defendant, in virtue of articles 301 and 722, of the Code of Practice.

In answer to the rule, the plaintiffs denying that the state has a legal mortgage, contend,

First, That there exists a legal mortgage on the property of the defendant, as administrator of the estate of Pierre Blanchard, for the sum of thirty-two thousand five hundred dollars. Since the 22d day of September, 1827, the date of his bond, which was duly recorded, and is of a date prior to that in favor of the state, as collector of taxes.

Second, That the property seized and levied on, was attached at the suit of those creditors, on the 14th March, 1832, and thereby a lien was created on said property in

EASTERN DIS.
March, 1834.

P. BLAN-
CHARD'S
WIDOW ET ALS.
vs.
F. BLANCHARD
ET AL.
THE STATE,
INTERVENOR.

their favor, which gives them a preference over all other creditors, and over the state. The Probate Court discharged the rule at the costs of the state, being of opinion that the administrator's bond being of prior date, to that given by the defendant, as collector of tax's, ought to have the preference, and that the seizure under the attachment gave the plaintiffs a lien on the property attached, which ought to be preferred to the claim of the state. The coroner was ordered to pay over the whole proceeds of the sale to the plaintiffs, and the state appealed.

By the act of 1830, it is declared that the state shall have a legal mortgage on the lands, slaves and real estate, of sheriffs and collectors of taxes, to secure the due performance of their official duties. *Acts of* 1830, *p.* 78, *sec.* 10.

Article 3280 of the *Louisiana Code*, declares that no legal mortgage shall exist, except in the cases determined by the Code. Among the cases enumerated, in which such mortgages is declared to exist, that of administrators of estates is not to be found. It is clear, therefore, that no legal mortgage existed on the property of the defendant in favor of the plaintiff, in virtue of his administration bond. He was entrusted with the administration on the credit of his sureties, and the prior date of the bond does *not* give the heirs a preference over the state, whose claim, though subsequent, is secured by a legal mortgage. The only question then is, whether the levying of an attachment on mortgaged property, gives to an ordinary creditor a preference over the mortgagee? Such a doctrine would place the rights of hypothecary creditors at the mercy of every debtor, who might think proper to abscond, or to evade the service of legal process. It would in effect be permitting the mortgagor, by his own act, to defeat a legal mortgage, and to give a preference to ordinary creditors. Even a sale by the sheriff, under execution would not extinguish the legal mortgage, *still less* the levying of an attachment. We are of opinion that the court erred in discharging the rule.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the Court of Probates, be avoided

*The administration of an estate creates no legal mortgage on the property of the administrator. He is entrusted with the administration, on the credit of his sureties.*

*A sale of mortgaged property by the sheriff, under execution, does not extinguish the legal mortgage, a fortiori the levying of an attachment on it cannot.*

and reversed, that the rule be reinstated and made absolute, that the coroner be ordered to pay out of the proceeds of the real estate and slaves, to the state treasurer, the amount of the execution in his hands with interests and costs; to pay over to the plaintiffs the balance, if any, of the proceeds of the land and slaves, together with the whole of the proceeds of the movables, and that the plaintiffs and appellees pay the costs of both courts.